IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.W. & D.B-W., individually and on behalf of D.W., | : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | |
| SCHOOL DISTRICT OF PHILADELPHIA, | : : | No. 15-5586 |
| Defendant. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                              July 22, 2016

Before the Court are two motions: (1) Plaintiffs' Motion for Judgment on the Administrative Record on Counts I and II of their Complaint, seeking relief under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.* ("Section 504"), and the Americans with Disabilities Act, 42 U.S.C. § 2131 *et seq.* ("ADA"), respectively; and (2) Plaintiffs' Motion for Attorneys' Fees and Costs under the Individuals with Disabilities in Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"). The Court will enter judgment for Plaintiffs and will order the School District to pay reasonable attorneys' fees and costs, including expert fees. The total amount of the award will be $93,822.02.

**I.    BACKGROUND**

Plaintiffs are the mother and father of D.W., a student with autism and other learning disabilities who resides in the School District of Philadelphia (the "School District"). (Compl., Ex. A [Admin. Decision] at 2.) On May 11, 2015, Plaintiffs filed an administrative action alleging violations of the IDEA, Section 504 and the ADA. (*See* Pls.' Mot. J. Admin. R. ¶ 2.) On August 15, 2015, Special Education Hearing Officer Linda Valentini (the "Hearing Officer")

issued a decision finding that the School District had failed to provide D.W. with a free appropriate public education ("FAPE") in violation of the IDEA. (Admin. Decision at 16.) Concluding that "the record fully supports the Parents' position on all issues before me," the Hearing Officer awarded compensatory education to Plaintiffs and ordered the School District to develop an appropriate individual education plan for D.W. (*Id.*) While the Hearing Officer granted Plaintiffs' IDEA claims, however, she deemed the Section 504 and ADA claims to be superfluous, noting that "all the Parents' claims have been addressed pursuant to the IDEA." (*Id.*) The decision further provided that "[a]ny claims not specifically addressed by this decision and order are denied and dismissed." (Admin. Decision at 16.)

Plaintiffs disagree that the IDEA affords complete relief. Specifically, they argue that a favorable decision under Section 504 or the ADA is necessary for them to recover expert fees, which are not recoverable under the IDEA alone. (Pls.' Mot. J. Admin. R. ¶ 11 n.1.) Accordingly, Plaintiffs filed their motion for judgment on the administrative record, as well as a motion for attorneys' fees and costs. In the motion for judgment, Plaintiffs seek a favorable determination on their Section 504 and ADA claims, which comprise Count I and Count II of the underlying Complaint. In the motion for attorneys' fees and costs, Plaintiffs seek fees for three educational experts they retained in the administrative action, in addition to those expenses that are available under the IDEA. In total, Plaintiffs are seeking $99,930.52 in fees and costs, including $10,561.75 in expert fees.

## II.   STANDARD OF REVIEW

### A.   Judgment on the Administrative Record

The IDEA allows any party to challenge the results of a due process hearing by bringing a civil action in a district court. 20 U.S.C. § 1415(i)(2)(A). The statute instructs that a reviewing

court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." *Id.* § 1415(i)(2)(C). A district court conducts a modified de novo review of the underlying decision, giving "due weight" to the administrative factual findings. *S.H. v. State-Operated Sch. Dist. of City of Newark*, 336 F.3d 260, 270 (3d Cir. 2003). Under this modified de novo review, a court must defer to the hearing officer's factual findings unless it can point to contrary nontestimonial extrinsic evidence on the record. *Id.* A hearing officer's conclusions of law are subject to plenary review by the district court. *Carlisle Area Sch. v. Scott P.*, 62 F.3d 520, 528 (3d Cir. 1995). "[T]he party challenging the administrative decision bears the burden of persuasion before the district court as to each claim challenged." *Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 270 (3d Cir. 2012).

The Third Circuit, however, has not resolved which standard of review applies to a hearing officer's findings of fact in a Section 504 or ADA claim. *See Centennial Sch. Dist. v. Phil L. ex rel. Matthew L.*, 799 F. Supp. 2d 473, 482 (E.D. Pa. 2011). Some courts have applied modified de novo review (the "due weight" standard), while others have applied de novo review. *See id*. It is unnecessary to resolve which of these two standards applies, because the parties do not dispute the Hearing Officer's findings of fact in this case.

      **B.**     **Attorneys' Fees and Costs**

The IDEA allows district courts to "award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i). A party qualifies as a prevailing party if he or she succeeds on any significant

3

issue in litigation that achieves some of the benefit he or she sought. *J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 271 (3d Cir. 2002).

A court begins the calculation of reasonable fees by calculating the lodestar, "which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). In determining the number of hours reasonably expended, a court reviews the time charged, decides whether the hours were reasonably expended for the purposes described, and excludes any hours that are excessive or redundant. *Id.* In turn, it calculates a reasonable hourly rate according to the prevailing market rates in the relevant community, taking into account the experience and skill of the requesting party's attorneys and the rates for similar services by local lawyers of reasonably comparable skill, experience, and reputation. *Id.* The resulting lodestar is presumed to yield a reasonable fee. *Washington v. Phila. Cty. Ct. Com. Pl.*, 89 F.3d 1031, 1035 (3d Cir. 1996). However, a court may reduce the award if the prevailing party only achieved partial or limited success in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

The party seeking fees bears the burden of proving that its request is reasonable by submitting evidence supporting the hours worked and the rates claimed. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The party opposing the motion then has the burden of challenging the reasonableness of the requested fee, and a court may only decrease the award based on factors raised by the adverse party. *E.C. v. Sch. Dist. of Phila.*, 91 F. Supp. 3d 598, 603 (E.D. Pa. 2015).

### III. DISCUSSION

#### A. Motion for Judgment on the Administrative Record

Plaintiffs move for judgment on Count I and Count II of the Complaint for relief under Section 504 and the ADA, respectively. According to Plaintiffs: "[we] filed under these three statutes because while a party is not entitled to expert costs under the IDEA, *see Arlington Cent[.] Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291 (2006), courts have generally held that a prevailing party is entitled to expert costs under the ADA and Section 504." (Pls.' Mot. J. Admin. R. ¶ 11 n.1.) The Hearing Officer denied Plaintiffs' Section 504 and ADA claims by failing to address them. (*See* Admin. Decision at 16.) However, the findings of fact in the administrative decision support relief on both counts.

The administrative record establishes all of the elements of Plaintiffs' Section 504 and ADA claims. "The substantive standards for determining liability [under Section 504 and the ADA] are the same . . . ." *McDonald v. Pennsylvania*, 62 F.3d 92, 95 (3d Cir. 1995). To establish a violation under Section 504 or the ADA, a plaintiff must show that he or she "(1) has a disability; (2) was otherwise qualified to participate in a school program; and (3) was denied the benefits of the program or was otherwise subject to discrimination because of [that] disability." *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 189 (3d Cir. 2009). Finally, in a Section 504 claim, a plaintiff must make an "additional showing that the program receives federal financial assistance." *Id.* at 189 n.20. In this case, the School District has stipulated that it receives federal funds, so this additional requirement is met. (Admin. Decision at 3.) The School District does not dispute the first two elements. (Def.'s Opp'n Mot. J. Admin. R. at 6.)

The third element is also easily satisfied in this case. The Third Circuit has held that the denial of FAPE alone is sufficient to demonstrate that a student was excluded from participation

in, denied the benefits of, or subject to discrimination at school. *See Andrew M. v. Del. Cty. Office of Mental Health & Mental Retardation*, 490 F.3d 337, 350 (3d Cir. 2007) ("[W]hen a state fails to provide a disabled child with a free and appropriate education it violates the IDEA. However, it also violates the [Rehabiliation Act] because it is denying a disabled child a guaranteed education merely because of the child's disability."). Here, the Hearing Officer explicitly found that the School District denied FAPE to D.W. (Admin. Decision at 16.) Therefore, Plaintiffs satisfy the third and final element of their Section 504 and ADA claims.

The School District argues that Plaintiffs must satisfy an additional element—intent—to recover expert fees. Specifically, the School District argues that expert fees are compensatory damages, and that Plaintiffs must prove that the School District intentionally discriminated against, or denied benefits to, the student in order to recover expert fees. (Def.'s Opp'n Mot. J. Admin. R. at 6-7.) The School District is correct that a claim for compensatory damages under Section 504 or the ADA requires a showing of intent. *See D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 269 (3d Cir. 2014). However, expert fees are not compensatory damages. *See M.M. v. Sch. Dist. of Phila.*, 142 F. Supp. 3d 396, 399-400 (E.D. Pa. 2015) (finding that no showing of intent was required because plaintiffs sought expert fees but not compensatory damages); *see also Ryan P. ex rel. Christine P. v. Sch. Dist. of Phila.*, Civ. A. No. 07-2903, 2008 WL 724604, at *8 (E.D. Pa. Mar. 18, 2008) (explaining that Section 504 "incorporates the remedies available under the Civil Rights Act of 1964," which allows prevailing parties to recover expert fees under the umbrella of attorneys' fees and costs). Therefore, Plaintiffs need not establish that the School District intentionally discriminated against D.W. or intentionally denied benefits to D.W. to succeed on their Section 504 and the ADA claims. The Court will grant the motion for judgment on both counts.

B.     **Motion for Attorneys' Fees and Costs**

The School District does not dispute that the parents were "prevailing parties in the administrative action" and therefore are entitled to attorneys' fees and costs under the IDEA. (Def.'s Opp'n Mot. Att'ys' Fees at 1.) However, the School District challenges the billing rates and hours claimed by Plaintiffs' counsel, in addition to various costs. (*Id.*)

1.     *Hourly billing rates*

To determine a reasonable hourly rate, "[t]he court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001). The attorney's customary billing rate is often "the starting point" in this analysis. *Id.* However, it is not dispositive: "the court must apply the market value of the lawyer's services if the evidence shows that it is lower than the attorney's billing rate." *Mitchell v. City of Phila.*, Civ. A. No. 99-6306, 2010 WL 1370863, at *14 (E.D. Pa. Apr. 5, 2010).

Plaintiffs seek the following hourly rates for counsel from the Law Offices of David J. Berney: $495 for David Berney; $375 for Megan Mahle; $325 for Vanita Kalra; $275 for Jennifer Sang; and $225 for Kevin Golembiewski. They also seek $100 per hour for paralegal work. The School District challenges each of these rates, except for the paralegal rate. The School District argues that the hourly fee of these attorneys should not exceed the following: $385 for Berney; $255 for Mahle; $275 for Kalra; $250 for Sang; and $200 for Golembiewski. For the reasons described below, the Court deems that the following rates are reasonable for the work performed in this case: $425 for Berney, $325 for Mahle, $300 for Kalra, $265 for Sang, and $200 for Golembiewski.

As the starting point, Plaintiffs claim that the hourly rates they are seeking are the customary billing rates that the Law Offices of David J. Berney charges to fee-paying clients. (Pls.' Reply Supp. Mot. Att'ys' Fees at 2; *see also* Pls.'s Mem. Supp. Mot. Att'ys' Fees, Ex. A [Berney Decl.] ¶¶ 21-31, Ex. B [Mahle Decl.] ¶ 9, Ex. C [Kalra Decl.] ¶ 10, Ex. D [Sang Decl.] ¶ 16.) To prove these rates are customary, Plaintiffs rely on a representation agreement signed by Plaintiffs and their attorneys on October 12, 2015, which sets forth precisely these rates. (Def.'s Opp'n Mot. Att'ys' Fees, Ex. A [Representation and Fee Agreement for Legal Services].) However, the representation agreement provides weak evidence—at best—of the firm's customary billing rates. First, there is no reason to believe that Plaintiffs, the parents who signed this agreement, ever seriously contemplated paying any such fees to the firm. The agreement was signed approximately eight months after the firm began representing Plaintiffs, nearly two months after Plaintiffs prevailed in the administrative due process hearing, and exactly one day before Plaintiffs filed a Complaint in federal court. Indeed, by the time they signed the representation agreement, Plaintiffs had won their IDEA claims at the administrative level, which made them eligible to recover attorneys' fees from the School District. Second, Plaintiffs provide no evidence that the firm has ever collected fees at the stated rates from fee-paying clients, much less that these are the fees they customarily collect. Bald assertions that these are the firm's customary billing rates do not suffice. (*See* Berney Decl. ¶¶ 21-31, Mahle Decl. ¶ 9, Kalra Decl. ¶ 10, Sang Decl. ¶ 16.) Because the representation agreement in this case fails to establish the firm's customary billing rates, the Court will base its determination, instead, on the prevailing rates in the market.

a.      David Berney

The parties do not dispute that Berney is a "competent and experienced special education parent attorney" with 24 years of experience in the field. (*See* Def.'s Opp'n Mot. Att'ys' Fees, Ex. B [Sereni Decl.] ¶ 8.) However, his requested rate of $495 per hour exceeds the market rate for lawyers with similar qualifications and experience. In March 2016, this Court awarded $450 per hour to Sonja Kerr, who had 28 years of experience primarily devoted to representing disabled children and their families. *Sch. Dist. of Phila. v. Williams*, Civ. A. No. 14-6238, 2016 WL 877841, at *4 (E.D. Pa. Mar. 7, 2016). There is no basis for awarding more than this hourly rate to Berney.

To prove that Berney's request is nonetheless reasonable, Plaintiffs note that $495 per hour is lower than the rates set forth in the 2014 Fee Schedule of Community Legal Services of Philadelphia ("2014 CLS Fee Schedule"). Indeed, the 2014 CLS Fee Schedule suggests $520-$590 per hour for attorneys with 21-25 years of experience. (*See* Pls.' Mem. Supp. Mot. Att'ys' Fees, Ex. R [2014 CLS Fee Schedule].)  The Third Circuit has endorsed previous versions of the CLS Fee Schedule as a reasonable reflection of market rates. *See Maldonado*, 256 F.3d at 187. However, the fees set forth in the upper brackets of the 2014 CLS Fee Schedule seem out of sync with what attorneys in the special education field actually collect from their clients or from the School District. (*See* Sereni Decl. ¶¶ 7-14.)

At the same time, the Court also rejects the School District's argument that Berney's hourly fee should be limited to $385 per hour or less, simply because that is the highest fee that Berney has collected in fee actions in the past. *See M.M.*, 142 F. Supp. 3d at 406 (awarding $385 per hour to Berney in November 2015); *E.C.*, 91 F. Supp. 3d at 617 (awarding $350 per hour to Berney in March 2015). The School District provides the affidavit of Gabrielle Sereni, an

9

attorney who represents school districts and regularly negotiates settlements with parents, claiming that a reasonable range for Berney is $385-$410 per hour. (Sereni Decl. ¶ 14.) Plaintiffs argue persuasively, however, that previous awards should not impose a hard cap on Berney's fee for several reasons: (1) Berney did not demand a higher rate in previous cases, so the courts did not have the opportunity to adjudicate whether a higher fee might be reasonable; (2) if Berney was asking for below-market rates in earlier cases, it is not fair to punish him now for trying to readjust his billing rate to market value; and (3) the cost of Berney's practice has been increasing due to rising rents in Center City. (Pls.' Reply Supp. Mot. Att'ys' Fees at 6.) Comparing Berney's previous awards to the award this Court recently granted to Sonja Kerr, and taking into account changes in the market, this Court determines that a reasonable fee for Berney is $425 per hour.

      b.  Meghan Mahle

Because Mahle has only billed 3 hours in this case, her hourly rate has limited impact on the total award. Nonetheless, Mahle's hourly rate is one of the more contentious issues in this case, due to the wide gap between Plaintiffs' demand of $375 per hour and the School District's counter-proposal of $255 per hour. Mahle has been practicing over 13 years, including 4 years of special education litigation at the Law Offices of David J. Berney. Despite Mahle's 13 years of experience, the School District argues that "the Court should not attribute more than five years of experience to her," because Mahle has only been an active member of the Pennsylvania Bar since 2011. (Def.'s Opp'n Mot. Att'ys' Fees at 13.) This is unpersuasive. Defendant provides no reason this court should discount years of legal experience that Mahle gained in other jurisdictions. (*See* Pls.' Reply Supp. Mot. Att'ys' Fees, Ex. B [Mahle Suppl. Decl.] ¶ 3.) Therefore, it is unreasonable to attribute only 5 years of experience to Mahle.

Nonetheless, courts in the past have sharply discounted Mahle's hourly fee because she did not make clear if she continuously practiced special education law. *See Law Offices of David J. Berney v. Sch. Dist. of Phila.*, Civ. A. No. 12-5033, 2014 WL 2611188, at *3 (E.D. Pa. June 10, 2014) (awarding $255 per hour to Mahle); *Charles O. v. Sch. Dist. of Phila.*, Civ. A. No. 13-512, 2014 WL 4794993, at *4 (E.D. Pa. Sept. 26, 2014) (awarding $255 per hour to Mahle). Yet Mahle has increased her experience in the field since these decisions, and her discount should be reduced accordingly. Even after discounting Mahle's years of practice outside of special education law, the Court determines that her relevant experience is equivalent to an attorney with 6-10 years of experience under the CLS Schedule, or $265-$335 per hour. This Court finds that $325 per hour, near the top of this range, is a reasonable fee for Mahle.

        c.      Vanita Kalra

Plaintiffs seek $325 per hour for Kalra, while the School District contends the award should not exceed $275 per hour. Kalra has 10 years of legal experience, including 3 years of experience in special education litigation with the Law Offices of David J. Berney. In November 2015, only 8 months ago, the *M.M.* court awarded $292 per hour to Kalra. *M.M.*, 142 F. Supp. 3d at 406. Additionally, the CLS Fee Schedule recommends $265-$335 per hour for attorneys like Kalra with 6-10 years of experience. (2014 CLS Fee Schedule.) Citing the 2014 CLS Schedule, Sereni claims that $250-$300 per hour is a reasonable range for Kalra. (Sereni Decl. ¶ 16.) While Kalra's total legal experience would locate her at the top of the CLS Schedule's range, her rate should be discounted to the middle of the range to adjust for the fact that she only has three years of experience in special education law. Therefore, the Court determines that $300 per hour is a reasonable fee for Kalra.

d.      Jennifer Sang

Plaintiffs seek $275 per hour for Sang, while the School District suggests $250 per hour. Sang has practiced law for almost 8 years, including 6 years of special education litigation with the Law Offices of David J. Berney. The requested fee of $275 per hour falls comfortably within the CLS Fee Schedule for attorneys with 6-10 years of experience, which suggests $265-$335 per hour. The School District, however, notes that Sang's previous awards have been significantly less. *See M.M.*, 142 F. Supp. 3d at 405 (awarding $248 per hour to Sang in November 2015); *Charles O.*, 2014 WL 4794993, at *4 (awarding $225 per hour to Sang in September 2014). An award of $275 per hour would represent an increase of 11% from Sang's previous award of $248 per hour in the *M.M.* decision only than 8 months ago. This is too steep an increase in such a short period of time. *See M.M.*, 142 F. Supp. 3d at 405 (applying a 5% annual increase to determine present rates from past rates). In this case, the Court finds that $265 per hour is a reasonable fee for Sang's work.

e.      Kevin Golembiewski

Golembiewski performed less than 6 hours of work in total on this matter, all of which occurred in August 2015. (*See* Pls.'s Mem. Supp. Mot. Att'ys' Fees, Ex. Q [Golembiewski Decl.].) At that time, he had approximately two years of experience. The CLS Fee Schedule recommends $180-$200 per hour for attorneys with less than 2 years of experience and $200-$250 per hour for attorneys with 2-5 years of experience. (2014 CLS Fee Schedule.) Because Golembiewski had 2 years of experience when he worked on this case, he should receive $200 per hour.

       *2.*     *Hours billed*

Plaintiffs submitted time sheets to support the number of hours requested. Plaintiffs request the following hours for the administrative matter and civil action, including additional hours for preparing the reply brief:

**Hours Requested**

| Attorney | Administrative Matter | Civil Action Through 4/11/16 | Reply Brief | Total Hours |
|---|---|---|---|---|
| David Berney | 12.3 | 23.4 | 8 | 43.7 |
| Meghan Mahle | 0 | 3 | 0 | 3 |
| Vanita Kalra | 0 | 13.8 | 18.7 | 32.5 |
| Jennifer Sang | 192.4 | 2.3 | 0 | 194.7 |
| Kevin Golembiewski | 5.6 | 0 | 0 | 5.6 |
| Paralegal | 2.4 | 0 | 0 | 2.4 |
| **Total Hours** | 212.7 | 42.5 | 26.7 | 281.9 |

The School District claims that some of Sang's time entries are vague and that Plaintiffs' counsel spent excessive time on the matter. In total, the School District asks the Court to deduct 11 hours from Berney, 5 hours from Kalra, and 75 hours from Sang. As a threshold matter, Plaintiffs' counsel has met its burden of proving that the request was reasonable by submitting evidence in the form of affidavits. *See Rode*, 892 F.2d at 1183. The School District accordingly has challenged the reasonableness of these hours. Ultimately, the Court is not persuaded that Sang's time entries were insufficiently detailed or that Plaintiffs' attorneys' hours were excessive. Therefore, the Court will not reduce the hours requested.

        a.     Vague Time Entries

The School District has identified 10.4 hours of entries on Sang's timesheets as vague. (Def.'s Opp'n Mot. Att'ys' Fees tbls.3 & 4.) All of these entries involve communications with the client, with such descriptors as "Drafted email to client," "Exchanged emails with client,"

"T/c with client," and others with the same degree of specificity. (*Id.*) Most of these entries are 0.1 or 0.2 hours each. (*Id.*) Courts in this District have repeatedly held that such entries are sufficiently specific for the purposes of a fee petition. *See Shanea S. v. Sch. Dist. of Phila.*, Civ. A. No. 12-1056, 2014 WL 2586940, at *5 (E.D. Pa. June 10, 2014); *Elizabeth S. v. Sch. Dist. of Phila.*, Civ. A. No. 11-1570, 2012 WL 2469547, at *2 (E.D. Pa. June 28, 2012) (holding that "t/c with client," "letter to client," and "email to expert" without further detail were sufficient). The Third Circuit has explained that "specificity [in documenting the hours claimed] should only be required to the extent necessary for the district court to determine if the hours claimed are unreasonable for the work performed." *Washington*, 89 F.3d at 1037. Here, Sang's entries were sufficiently specific for the Court to determine that the hours were reasonable.

      b.     Excessive Time

The School District further claims that the Court should reduce Plaintiffs' counsel's hours because the hours requested are excessive. First, the School District claims that Plaintiffs' counsel spent excessive time preparing for the due process hearing. In this case, the due process hearing lasted approximately 30.8 hours. (Pls.' Reply Supp. Mot. Att'ys' Fees at 11.) According to Plaintiffs, Sang spent 104.2 hours preparing for the due process hearing, while Berney spent roughly 4.3 hours in preparation. (*Id.* at 12-13.) A recent case in this District involving the same firm found that Berney—because he is a highly experienced attorney—should not spend more than 2 hours in preparation for every 1 hour of hearing time. *Elizabeth S.*, 2012 WL 2469547, at *3. However, courts in this District have found that significantly more preparation time may be reasonable for less experienced attorneys, such as Sang. *See, e.g.*, *M.M.*, 142 F. Supp. 3d at 408. For example, one court awarded fees to Sang for 107 hours of preparation time for a 24 hour hearing. *E.C.*, 91 F. Supp. 3d at 608-09. Another court awarded Sang 119 hours of preparation

time for a 31 hour hearing. *M.M.*, 142 F. Supp. 3d at 408. The Court finds that the hours Plaintiffs' counsel spent preparing for the due process hearing are consistent with precedent in this District and that the School District has not otherwise demonstrated that such hours are unreasonable.

Second, the School District claims that Plaintiffs' counsel spent excessive time preparing the Complaint and compiling affidavits for the Motion for Attorneys' Fees and Costs. The School District asks the Court to deduct 5 hours from Kalra's time and 1 hour from Berney's time. (Def.'s Opp'n Mot. Att'ys' Fees at 22.)  They claim the Complaint, which was 58 paragraphs, should not have exceeded 10 paragraphs. (*Id.* at 21.) However, Plaintiffs' counsel only spent 5.2 hours preparing the Complaint, which is a reasonable amount of time. (*See* Pls.' Reply Supp. Mot. Att'ys' Fees at 15.) Additionally, the factual support in the Complaint advances Plaintiffs' case. Finally, the Court rejects the School District's argument that Plaintiffs spent too much time compiling too many affidavits for the fee petition, because the Court found the affidavits to be helpful. (*See* Def.'s Opp'n Mot. Att'ys' Fees at 22.)

### 3. Total attorneys' fees

The lodestar is calculated by multiplying the number of hours reasonably expended by each attorney by a reasonable hourly rate. *Maldonado*, 256 F.3d at 184. Because Plaintiffs prevailed on all issues in this case, no reduction of the lodestar is necessary. *See id.* Therefore, the lodestar represents the total award of attorneys' fees, $82,253.00, as set forth below:

**Attorneys' Fees**

| Attorney | Rate | Hours | Lodestar |
|---|---|---|---|
| David Berney | $425 | 43.7 | $18,572.50 |
| Meghan Mahle | $325 | 3 | $975.00 |
| Vanita Kalra | $300 | 32.5 | $9,750.00 |
| Jennifer Sang | $265 | 194.7 | $51,595.50 |
| Kevin Golembiewski | $200 | 5.6 | $1,120.00 |
| Paralegal | $100 | 2.4 | $240.00 |
| **Total Attorneys' Fees** | | | $82,253.00 |

    *4.  Costs*

  In addition to attorneys' fees, Plaintiffs seek $11,569.02 in various litigation costs, including $400 in federal court filing fees, $607.27 in copying costs, and $10,561.75 in expert fees to three experts who testified at the due process hearing. Defendant does not object to paying the federal court filing fees, but argues that copying costs and expert fees are not recoverable. The Court will award all costs to Plaintiffs.

  First, copying costs are reimbursable under 28 U.S.C. § 1920(4) ("A judge or clerk of any court of the United States may tax as costs . . . the costs of making copies of any materials where the copies are necessarily obtained for use in the case."). Accordingly, courts in this District have awarded copying costs in IDEA actions. *See M.M.*, 142 F. Supp. 3d at 413.

  Second, Plaintiffs are entitled to recover expert fees under Section 504 and the ADA. *See M.M.*, 142 F. Supp. 3d at 413. In this case, Plaintiffs are seeking $10,561.75 in expert fees from three different experts who provided testimony for the administrative due process hearing: $3,325.00 for Felicia Hurewitz, Ph.D., a behavior management and autism expert; $3,223.00 for Virginia Sutton, Ph.D., a school psychologist; and $4,013.75 for Karen Clapper, MS CCC-SLP/L, a speech and language pathologist. While Defendants argue at length that expert fees are not recoverable, they do not provide any specific objections to the amount of the fees. For their part, Plaintiffs have produced affidavits justifying these fees. In other cases, courts have denied

16

or reduced expert fees upon finding that the expert testimony was not helpful to the case. *See Elizabeth S.*, 2012 WL 2469547, at *5 (reducing expert fees because the Hearing Officer credited the expert reports with "no weight whatsoever."). However, in this case, the Hearing Officer praised the experts' "persuasive testimony" without qualification. (Admin. Decision at 9.) Therefore, no reduction is appropriate. The total costs are calculated as follows:

**Costs**

| Type of Cost | Costs Awarded |
|---|---|
| Federal Court Filing Fee | $400.00 |
| Copying Costs | $607.27 |
| Expert Fee - Felicia Hurewitz | $3,325.00 |
| Expert Fee - Virginia Sutton | $3,223.00 |
| Expert Fee - Karen Clapper | $4,013.75 |
| **Total Costs** | $11,569.02 |

### IV. CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' Motion for Judgment on the Administrative Record and Plaintiff's Motion for Attorneys' Fees and Costs, awarding $82,253.00 in attorneys' fees and $11,569.02 in costs, for a total award of $93,822.02. An Order Consistent with this Memorandum will be docketed separately.